UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMOTHY RALPH NORDSKOG,

       Petitioner,                         Civil No. 07-3634 MJD/FLN

       v.                                 **ORDER and REPORT and**
                                                  **RECOMMENDATION**

WARDEN OF FEDERAL MEDICAL
CENTER-ROCHESTER,

       Respondent.

_____

Timothy Ralph Nordskog, <u>pro se</u>.
Steven L. Schleicher, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge upon a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241[#1] and Petitioner's Motion to Appoint Counsel [#9]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(b). For the reasons which follow, this Court recommends that the Petition be denied, that Petitioner's motion to appoint counsel be denied, and that this matter be dismissed without prejudice.

**I. BACKGROUND**

     Petitioner is presently incarcerated in the Federal Medical Center-Rochester.

1

("FMC-Rochester") [#13].  Petitioner initiated this action on August 7, 2007, alleging that the U.S. Parole Commission wrongfully determined that he had forfeited credit for 116 days served in a halfway house (also called a Community Corrections Center "CCC") when he violated the conditions of special parole.  <u>Petition for Writ of Habeas Corpus</u>, ¶¶ 9-10 [#1].  Petitioner is serving a sentence of thirteen years in prison and three years special parole imposed by the United States District Court, District of Minnesota on August 10, 1983 for the offenses of distribution of cocaine and aiding others in the distribution of cocaine.  <u>Respondent's Response to Petition For Writ of Habeas Corpus</u>, ("Respondent's Response"), Exhibit A, p.p. 6-8.

Petitioner was released on parole on January 29, 1988, but was to remain on parole supervision until expiration of his sentence on August 30, 1996, at which time his three-year special parole term would commence.  <u>Respondent's Response</u>, Exhibit B. The Parole Commission terminated Petitioner's regular parole on March 5, 1992, and he began to serve his three-year term of special parole.  <u>Respondent's Response</u>, Exhibit C.

Petitioner was convicted and sentenced, on December 9, 1992, in the Montgomery County, Ohio, Court of Common Pleas to three to fifteen years for attempted felonious sexual penetration.  <u>Respondent's Response</u>, Exhibit D, p.2.  The Commission issued a warrant for Petitioner, on November 30, 1992, for unrelated criminal offenses of drug abuse and trafficking of drugs, and lodged the warrant as a detainer while Petitioner served his state sentence.  <u>Id.</u>

When Petitioner was released by the State of Ohio, the Parole Commission conducted a revocation hearing for Petitioner on December 15, 2003.  <u>Respondent's</u>

Response, Exhibit E.  The Commission issued a decision on December 20, 2003, revoking Petitioner's special parole term, forfeiting all of time Petitioner spent on special parole, and granting reparole effective February 24, 2004.  Respondent's Response, Exhibit F.  On April 24, 2004, Petitioner was reparoled to special parole, and he was to remain on special parole supervision until August 24, 2006.  Respondent's Response, Exhibit G.

      The Commission issued a warrant for Petitioner on August 12, 2005. Respondent's Response, Exhibit H.  Petitioner was charged with falsifying his supervision reports, associating with persons having a criminal record, and violating the special sex offender condition by corresponding and mailing child pornography to inmates in an Ohio State prison.  Respondent's Response, Exhibit I.  The U.S. Marshals Service executed the warrant on December 20, 2005.  Respondent's Response, Exhibit H, p.2.  On March 17, 2006, Petitioner accepted an expedited revocation proposal, accepting responsibility for his violations, waiving his right to a revocation hearing, and consenting to the sanction imposed by the Commission, and the Commission issued a corresponding decision on March 29, 2006.  Respondent's Response, Exhibits J and K.

      On July 13, 2006, the Commission advised Petitioner that it had reopened his case to add a special condition that he be placed in a Community Corrections Center for up to 120 days following his release on special parole.  Respondent's Response, Exhibit L.  Petitioner was released on special parole on August 19, 2006 until expiration of his sentence on April 20, 2008.  Respondent's Response, Exhibit M.

      The Commission issued a warrant for Petitioner on March 9, 2007, charging him

3

with violating the special condition of special parole prohibiting him from possessing pornography.  Respondent's Response, Exhibits N and O.  The warrant was executed on March 12, 2007, and the Commission added a charge of failure to permit a U.S. Probation Officer to confiscate contraband.  Id.

      The Parole Commission conducted the Petitioner's revocation hearing on July 18, 2007.  Respondent's Response, Exhibit Q.  At the hearing, Petitioner raised the issue of credit for the time he spent in the halfway house while on special parole, but the hearing examiner found no merit to the claim. Respondent's Response, Ex. P, p. 4.  On August 17, 2007, the Commission issued a decision revoking Petitioner's special parole term, forfeiting all of the time spent on special parole, and granting reparole effective March 11, 2008.  Respondent's Response, Exhibit Q.

      In response to Respondent's recitation of the procedural history of this matter, Petitioner asserts the Respondent failed to inform the Court that he was held in Franklin County Jail from the Petitioner's release date from Chillicothe Correctional Institution on August 25, 2003, until the date of his revocation hearing on December 15, 2003.  Petitioner's Sur Response, p.1 [#9].  Petitioner also notes that 2004 was a leap year, and he was held 244 days, not 243 days, until he was reparoled on April 23, 2004.  Id.

      Petitioner asserts Respondent failed to give him credit for "the three days I was held in the Hennepin County Jail prior to the U.S. Marshals picking the petitioner up on March 12th 2007."  Id. at 6.  Petitioner states he raised, at his revocation hearing on July 18, 2007, the issues of credit for the three days in Hennepin County Jail, and credit for the 116 days in the halfway house.  Id. at 6-7.  Finally, Petitioner asserted Respondent failed to consider the effect of good time on his mandatory release date

and maximum expiration date.  Id. at 7.  Petitioner offered an alternative calculation of his sentence and concluded his mandatory release date is February 2, 2008, a Saturday.  Id. at 7-8.  Thus, he argues his actual release should be on February 1, 2008.  Id. at 8.

In a supplement to his reply, Petitioner asserts he was not given credit for two weeks time after he was paroled, but before he was picked up at Madison Correctional Institution by the U.S. Marshals Service on December 20, 2005.  Petitioner's Supplemental to Sur Response, p.1.  Petitioner concludes that he should be given credit for 257 days served, as opposed to the 243 days he previously calculated.  Id. at 2.  Petitioner also revised his request for 116 days credit for time spent in the halfway house, to 114 days.  Id.  In conclusion, Petitioner requests mandatory release, and expiration of his special parole term on February 1, 2008, or two weeks earlier based on the time spent at Madison Correctional Institution.  Id. at 5.

Respondent asserts that although the Court has jurisdiction of this matter under 28 U.S.C. § 2241, the U.S. Parole Commission is not the proper respondent in this case because the proper respondent in a habeas action pursuant to 28 U.S.C. § 2241 is the warden of the institution in which the prisoner is confined.  Respondent's Response, p. 5.  Respondent asks the Court to strike the U.S. Parole Commission as respondent, and substitute the Warden of Anoka County Jail.  Id.

The proper Respondent in a habeas corpus action pursuant to 28 U.S.C. § 2241 is the prisoner's immediate custodian.  28 U.S.C. § 2243; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Although Petitioner was in custody at the Anoka County Jail when he filed the petition, Petitioner is now in custody at the Federal Medical Center-Rochester.

Therefore, the Court finds the Warden of FMC-Rochester should be substituted as Respondent in this matter.

## II.  DISCUSSION

### A.  Petitioner's Motion to Appoint Counsel

Petitioner was incarcerated in the Anoka County Jail when he requested that the Court appoint counsel to assist him. [#9].  Petitioner requested counsel because he alleges he did not have access to an adequate law library, and did not have access to government records.  Petitioner's Sur Response, [#9].

There is no constitutional right to counsel in habeas corpus cases.  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  There is, however, a statutory basis for appointment of counsel in a habeas case found at 18 U.S.C. § 3006A(a)(2)(B).  The statute provides, in relevant part:

> (2) Whenever the United States magistrate judge or court determines that the interests of justice so require, representation may be provided for any financially eligible person who-
> ...
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

Unless an evidentiary hearing is necessary, appointment of counsel is discretionary in a habeas case.  Hoggard, 29 F.3d at 471 (citations omitted).  When exercising their discretion, district courts should consider the legal and factual complexity of the case, and the petitioner's ability to investigate and present his claims.  Id.

In this instance, Petitioner submitted multiple responses in reply to Respondent's

Response.  See <u>Petitioner's Sur Response</u>, and <u>Petitioner's Supplemental to Sur Response</u> [#s 9, 11].  In these submissions, Petitioner has demonstrated an ability to investigate the legal and factual basis of his claims.  Furthermore, the Court finds that the issues in this case regarding credit for time served can be resolved on the record, without an evidentiary hearing.  The Court denies Petitioner's request to appoint counsel.  [#9].

      B.      **The Petition For Writ of Habeas Corpus**

Habeas corpus relief is available to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Section 2241 is an appropriate action to challenge the duration of confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973).  Federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  <u>Kendrick v. Carlson</u>, 995 F.2d 1440, 1447 (8th Cir. 1993).  The administrative remedy available to challenge a decision of the Parole Commission is appeal to the National Appeals Board.  28 C.F.R. § 2.26.

A habeas petitioner must specify all grounds for relief available to the petitioner, and state the relief requested in his habeas petition.  <u>See</u> Rule 2 of the Rules Governing § 2254 Cases; <u>and see</u> <u>Rivera v. U.S.</u>, 2006 WL 1116372, at *1, No. Civ. 05-1854 JRT/RLE (D.Minn. April 25, 2006)(The Rules Governing Section 2254 Cases in the United States District Courts may be applied to petitions brought under 28 U.S.C. § 2241).  Petitioner raised only the issue regarding credit for 116 days he spent in a halfway house.  Petition, ¶¶ 9-10.  He requested that the Court order the Parole Commission to credit 116 days time served.  Petition, ¶ 10.  Therefore, the Court will

7

address only those issues raised in the Petition, and will not address additional issues and requests for relief raised in Petitioner's Sur Response and Supplemental to Sur Response.[1]

Petitioner asserts halfway house time "should be considered incarceration and cannot be taken with my street time" because the U.S. Parole and Commission Rules and Procedure Manual 2.204-17(2) states incarceration includes post-release placement in a community corrections center by the U.S. Parole Commission. Petition, ¶ 9.

Respondent argues the petition should be dismissed without prejudice because Petitioner failed to exhaust his administrative remedies. Respondent's Response, p. 6. Respondent asserts Petitioner was advised in a Notice of Action dated August 17, 2007 that he may appeal the Commissioner's decision. Respondent's Response, Exhibit Q. Respondent also asserts Petitioner has failed to demonstrate that he exhausted his remedies with the Bureau of Prisons, which is vested with the authority to compute prisoners' sentences. Alternatively, Respondent contends the petition should be dismissed on the merits because the Parole Commission is required, under 21 U.S.C. § 841(c) to forfeit all of the time that was spent on special parole supervision ("street time") and may also require the parolee to serve the entire term of parole. Respondent's Response, p. 8, citing 21 U.S.C. § 841(c); 28 C.F.R. § 2.57(c); Billis v. U.S., 83 F.3d 209, 210 (8th Cir. 1996), cert. denied, 519 U.S. 900 (1996).

---

[1] The Court also notes that Petitioner does not appear to have exhausted the issues he first raised in his Sur Response and Supplemental to Sur Response, such as the number of days he was credited in a leap year, and credit for time spent in custody while awaiting his revocation hearings.

Petitioner asserts he has exhausted all available administrative remedies because the decision to forfeit all street time after revocation of a special parole term is a nonappealable action.  Petitioner's Sur Response, p. 4.   Petitioner also asserts the respondent failed to send the proper appeal form with the Notice of Action, and the time to appeal has expired.   Id. at 4-5.

Petitioner indeed was notified of the opportunity to appeal the Commission's decision of August 17, 2007.  See Respondent's Response, Exhibit Q, p.2.  Although Petitioner alleges the respondent failed to send the proper appeal form, Petitioner does not assert that he did anything to obtain the form and pursue his administrative remedies.  The August 17, 2007 Notice of Action states "[y]ou may obtain appeal forms from your caseworker or supervising officer..."  Id.  The administrative procedure must be given "an opportunity to succeed" before the claims are brought in court.  Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); see also Leighnor v. Turner, 884 F.2d 385, 388 (8th Cir. 1989)(district court erred by entertaining petitioner's claim before he exhausted administrative remedies) and see Cohee v. FCI Seagoville, No. 3-02-CV-2293-P, 2003 WL 203100, *1 (N.D.Tex. Jan. 28, 2003)(holding petitioner must continue to pursue administrative remedies, even if untimely).  Therefore, the habeas petition should be dismissed without prejudice to allow Petitioner to exhaust his administrative remedies.

### III.  ORDER and RECOMMENDATION

Based on the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

Petitioner's Motion to Appoint Counsel [#9] be DENIED;

Based on the files, records, and proceedings herein, IT IS HEREBY

RECOMMENDED that:

Petitioner's Petition for Writ of Habeas Corpus [#1] be DENIED, and this case be dismissed without prejudice.



DATED: February 14, 2008              s/ *Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before March 5, 2008 written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.